IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERRILLE D. ELLIS,**

      **Petitioner,**

                                        Case No. 2:17-cv-415
   v.                                     **CHIEF JUDGE SARGUS**
                                        **Magistrate Judge King**

**WARDEN, ROSS**
**CORRECTIONAL INSTITUTION,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition* (Doc. 3), Respondent's *Motion to Dismiss* (Doc. 5), Petitioner's *Motion to Stay* (Doc. 6), Respondent's *Response in Opposition* (Doc. 7), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (Doc. 5) be **GRANTED**; that Petitioner's *Motion to Stay* (Doc. 6) be **DENIED**; and that this action be **DISMISSED** without prejudice as unexhausted unless Petitioner notifies the Court, within 14 days, that he wishes to delete his unexhausted claim and proceed only on his remaining exhausted claim.

**Facts and Procedural History**

The Ohio Tenth District Court of Appeals adopted the prosecution's summary of the facts of the case, as follows:

> Early morning of November 20th, 2013, co-defendant by the name of Melanie Spears recruited Mr. Ellis and Mr. Derrick Robinson to commit a robbery of Shaun Fullen, S–H–A–U–N, Fullen, F–U–L–L–E–N. Throughout the day they planned this robbery. And in the evening, Melanie Spears was over at the home of Shaun Fullen here in Franklin County and had Mr. Ellis and Mr. Robinson enter the home under the guise that they were robbing Ms. Spears.

> During the course of this, they had a confrontation in the bathroom with Shaun Fullen.
>
> Terrille Ellis did fire one shot striking and killing Mr. Fullen. After they shot him, they ransacked the house, took cash and a number of firearms and fled the location. Mr. Fullen died as a proximate result of Mr. Ellis shooting him.

*State v. Ellis*, No. 14AP-912, 2015 WL 5011707, at * 1, 2 (Ohio App. 10th Dist. Aug. 25, 2015).

The state court of appeals also provided the following procedural history of the case:

> Defendant-appellant, Terrille D. Ellis, appeals from the judgment of the Franklin County Court of Common Pleas sentencing him to a term of imprisonment of 23 years to life following his guilty plea to a charge of aggravated murder with a firearm specification. Ellis was indicted on charges of aggravated murder plus a firearm specification, aggravated burglary with a firearm specification, aggravated robbery with a firearm specification, and two counts of having a weapon while under a disability. After initially pleading not guilty to all charges, Ellis entered a plea of guilty to one count of aggravated murder with a firearm specification. At issue in this case is whether the trial court determined that Ellis understood the rights he was waiving by pleading guilty.
>
> Ellis has assigned one error for this court's review:
>
> The trial court erred in accepting Appellant's guilty plea in violation of Criminal Rule 11 and due process guarantees under the state and federal Constitutions.

*Id*. at *1. On August 25, 2015, the appellate court affirmed the judgment of the trial court. *Id*. On February 10, 2016, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Ellis*, 144 Ohio St.3d 1478 (Ohio 2016).

Meanwhile, on September 15, 2015, Petitioner filed a motion to withdraw his guilty plea. (Doc. 5-1, PageID# 147).[1] On that same date, the trial court denied the motion. (PageID# 153). Petitioner apparently did not file an appeal from that denial. On September 22, 2015, Petitioner filed a second motion to withdraw his guilty plea. (PageID# 155). Petitioner asserted in that

---
[1] However, the copy of the motion provided by Respondent is not legible.

motion that his guilty plea was not knowing, intelligent or voluntary because he was denied the effective assistance of counsel. (PageID# 159). The trial court has apparently never ruled on that motion. On June 9, 2017, Petitioner filed a third motion to withdraw his guilty plea. (PageID# 164). Petitioner asserted in that motion that he had entered his guilty plea based on defense counsel's erroneous advice that Petitioner would be eligible for early release after serving 13 years. (PageID# 168). On June 16, 2017, Petitioner filed a fourth motion to withdraw his guilty plea. (PageID# 173). Petitioner again alleged that his attorney had materially misrepresented the amount of prison time Petitioner would have to serve, and that his guilty plea was therefore not knowing, intelligent, and voluntary. (PageID# 178). On June 27, 2017, the trial court denied that fourth motion. (PageID# 181). Petitioner apparently did not file an appeal from that denial.

On May 12, 2017, Petitioner filed the *Petition.* He alleges that the trial court erred in accepting his guilty plea and violated Ohio Criminal Rule 11 and denied him due process (claim one); and that his guilty plea was not knowing, intelligent, or voluntary because of the ineffective assistance of counsel, because his attorney misinformed him that he would be eligible for early release after 13 years (claim two). Respondent contends that this action should be dismissed, without prejudice, as unexhausted.

Petitioner has filed a motion for a stay of proceedings pending exhaustion of his claims.

**Exhaustion**

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. 28 U.S.C. § 2254(b)(1); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim.

3

28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

In claim two, Petitioner alleges that his guilty plea was not knowing, intelligent or voluntary, based on his attorney's mis-advice that Petitioner would be eligible for early release after 13 years. Petitioner raised this same claim in his third and fourth motions to withdraw his guilty plea. However, he did not file an appeal from the trial court's June 27, 2017, denial of the fourth motion. As noted by the Respondent, Petitioner may still do so. "[T]he state courts recognize that a right to delayed appeal from a post-conviction motion to withdraw guilty plea exists under Ohio R.Crim. P. 5(A)." *Nisonov v. Beightler*, No. 06-1866, 2008 WL 115211, at *2 (N.D. Ohio Jan. 10, 2008) (citing *State v. Blackwood*, 2004 WL 906191 at *1 (Ohio App. 8 Dist. 2004); *State v. Kramer*, 2004 WL 1152941, at *2 (Ohio App. 10 Dist. 2004); *State v. Lopez,* 2005 WL 1707014 at *2 (Ohio App. 8 Dist. 2005); *State v. Bell*, 2007 WL 1848752, at *4 (Ohio App. 8 Dist. 2007); *State v. Cox*, 2007 WL 2410334 at *2 (Ohio App. 11 Dist. 2007)). Therefore, this claim remains unexhausted.

Federal courts may not entertain "mixed petitions," *i.e.*, petitions that present both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509 (1982). However, federal courts have the discretion to stay a mixed petition in order to permit a petitioner to present his unexhausted claim to the state courts, and then to return to federal court for review of all, now exhausted, claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, stays under these circumstances should be only sparingly used; stays are not appropriate, for example, when the unexhausted grounds are plainly meritless. *Id.* at 278. A petitioner seeking a stay to permit

exhaustion of an unexhausted claim must demonstrate both good cause for having failed to exhaust his state court remedies and a potentially meritorious claim. *Id*. at 277–78.

The record reveals that Petitioner cannot establish good cause for having failed to pursue a delayed appeal to the Ohio Court of Appeals from the denial of his fourth motion to withdraw his guilty plea. Further, this unexhausted claim is not potentially meritorious, because it appears from the record that it is likely barred from review by the Ohio Court of Appeals on the basis of untimeliness and by Ohio's doctrine of *res judicata*. A stay of proceedings is unwarranted when a motion for delayed appeal has little likelihood of success. *See Williams v. Thaler*, 602 F.3d 291 (5th Cir. 2010) (When a petitioner is "procedurally barred from raising [his] claims in state court," his "unexhausted claims are plainly meritless."). Thus, Petitioner's request for a stay of this action pending exhaustion of his second claim is without merit.

Therefore, this action is subject to dismissal as unexhausted.

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (Doc. 5) be **GRANTED**; that Petitioner's *Motion to Stay* (Doc. 6) be **DENIED**; and that this action be **DISMISSED** without prejudice as unexhausted unless Petitioner notifies the Court, within 14 days, that he wishes to delete his unexhausted claim and proceed only on his remaining exhausted claim.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

    *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

August 16, 2017