UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TERRILLE D. ELLIS,

    Petitioner,

v.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:17-cv-415
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

## ORDER

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 11, 2018, the United States Magistrate Judge recommended that the action be dismissed. *Report and Recommendation*, ECF No. 23. Although the parties were specifically advised of their right to object to that recommendation, and of the consequences of their failure to do so, there has been no objection.

Petitioner was convicted on his plea of guilty to a charge of aggravated murder with a firearm specification. He claims in this action that the trial court erred in accepting his guilty plea and thereby violated Ohio Criminal Rule 11 and notions of due process (claim one); and that his guilty plea was not knowing, intelligent, or voluntary based on the ineffective assistance of counsel, because his attorney misinformed him that he would be eligible for early release after 13 years (claim two). The Magistrate Judge recommended that claim one be dismissed as without merit and that claim two be dismissed as procedurally defaulted. *Report and Recommendation*, ECF No. 23.

Having carefully reviewed the record in this action, and noting that no party has objected to the *Report and Recommendation*, the Court **ADOPTS** the *Report and Recommendation*, ECF No. 23. This action is hereby **DISMISSED** as either without merit or as procedurally defaulted.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher,* — U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, n. 4 (1983)).

When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Upon review of the record, this Court is not persuaded that reasonable jurists could debate whether petitioner's claims should have been resolved differently or that jurists of reason

would find it debatable whether this Court was correct in its procedural rulings. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

\_\_\_6-11-2018_____
**DATE**  **EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**